## No. 9661.

HASSELMAN, ET AL. v. TRAVELERS' INSURANCE COMPANY, ET AL.

WORKMEN'S COMPENSATION ACT—*Child, who is.* The word child in clause 2 of paragraph VI of the Workmen's compensation act refers to the relation of parent and child.

An allowance made to a dependent sister does not terminate upon her arriving at majority.

*Error to Denver District Court, Hon. Charles C. Butler, Judge.*

Hon. VICTOR E. KEYES, attorney general; Mr. JOHN S. FINE, assistant attorney general; and Mr. S. S. PACKARD, for plaintiffs in error.

Mr. E. P. STEINHAUER and Messrs. GOUDY, TWITCHELL & BURKHARDT, for defendants in error.

Mr. Justice Bailey delivered the opinion of the Court.

THIS was an action before the Industrial Commission by Jennie A. Hasselman, as sole dependent of her brother, Richard P. Hasselman, 'to secure compensation for the death of Richard, who was killed by an accident arising out of and in the course of his employment. At the time of the death of her brother, Jennie was of the age of seventeen years, six months and twenty-one days, and she became of full age of eighteen years on September 10, 1917.

The Commission awarded her compensation in the sum of $2500.00, to be paid at the rate of $34.72 per calendar month, beginning with March 31, 1917, thus distributing the payment of compensation over a period of approximately six years.

The defendant insurance company admitted liability for compensation for only the period that the dependent remained a minor. It argues that when dependent reached the age of eighteen years, to-wit: on the 10th day of September, 1917, her rights as a dependent ceased, under the law. After the denial of a petition for re-hearing the company brought this action in the District Court. Answer was made by both the commission and the dependent, the issue being whether, by the terms of the Compensation Act, compensation should cease when the dependent became of age. The findings were for the company, and the court directed that payments cease as of September 10, 1917. That judgment is now here for review.

The only question is whether the minor sister of the deceased is to be considered a child, within the meaning of the Compensation Act. Chapter 179, Session Laws, 1915, contains the provisions upon which both parties rely. Subdivision f, of section 4, designates the following classes of persons who shall be conclusively presumed to be wholly dependent upon a deceased employee, to-wit: 1, the widow; 2, the widower; 3, a child, or children, and as to the latter class it proceeds as follows:

"III. A child or children under the age of eighteen years (or over the said age, if physically or mentally incapacitated from earning) actually dependent upon the parent with whom he is, or they are, living at the time of the death of such parent, there being no surviving and dependent parent * * *."

Paragraph IV begins as follows:

"IV. In all other cases questions of entire or partial dependency shall be determined in accordance with the facts, as the same may be at the time of the accident to the employee *. * *."

Paragraphs V and VI are in the following words:

"V. No person shall be considered a dependent unless a member of the family of the deceased employee, or one who bears to him the relation of surviving spouse, or lineal descendant, or ancestor, or brother or sister. A child, within the meaning of this act, shall include à posthumous child, and a child legally adopted prior to the injury.

"VI. Questions as to who constitute dependents, and the extent of their dependency shall be determined as of the dates as herein provided and their right to any death benefits shall become fixed as of such time, irrespective of any subsequent change as to conditions, and the death benefit shall be directly payable to the dependent or dependents entitled thereto, or to their legal representatives; *Provided,* notwithstanding, That when a right to a death benefit shall become fixed it shall cease upon the happening of any one of the following contingencies:

"(1) Upon the marriage of the widow or widower.

"(2)   When a child reaches the age of eighteen years, unless said child at such time is physically or mentally incapacitated from earning.

"(3)   Upon the death of any dependent."

When the above provisions are taken and considered together, it is obvious that the word "child" in each instance refers to and specifies the relationship of parent and child, or lineal descendant, and cannot upon any theory refer to a person who, although a minor, stands in some other dependent relationship to a deceased employee. This construction is made quite certain by Paragraph V. *supra,* where the word "child" is expressly used to include posthumous children, and those legally adopted by the employee prior to his injury. It is manifest that a posthumous child could have no rights as dependent other than through the relationship of parent and child, and it is likewise clear that an adopted child of the deceased, otherwise unrelated, could have no rights as dependent except through such relationship. By the express provision of this paragraph it is made clear that in the use of the term "child" the legislature meant and intended to refer only to those bearing the relation of an offspring of the person injured, or of that of child by adoption.

The Act contains nothing which either directly or by necessary, or even reasonable, implication, indicating an intent upon the part of the legislature to limit compensation in general to minor dependents only. To hold that the dependent in the case at bar is not entitled to the compensation which was awarded her would in effect thus limit the application of the Act whenever it involved a minor dependent. The term "child" as used in the Act cannot be construed to mean "minor dependent". Such a construction would deprive widows, and in fact all designated dependents, if minors, of compensation after they came of age. There is no dispute but that if the claimant had been of full age at the time of the accident she would have been entitled to the full amount awarded, payable as directed by the Commission.

Under the liberal construction to which the Act is entitled it is obvious that the fact that the claimant became of age after the allowance was made cannot properly be held to nullify her right to the award in full, since, as we have already noted, there is nothing in the Act indicating a legislative intent to have compensation cease when the dependent becomes of age, except where the relation of parent and child exists between the dependent and the injured employee.

The judgment of the district court is reversed and the cause remanded, with directions to enter judgment affirming the findings and award of the Commission.

Judgment reversed and cause remanded with directions.

Decision *en banc.*